|  | UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO |  |
|---|---|---|
| MARITZA MOYA-SOTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HOSPITAL DR. CAYETANO COLL Y TOSTE, INC., et al.,<br><br>Defendants. | | Civil No. 08-2024 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Maritza Moya-Soto ("Patient") and members of her family,[1] bring the present diversity action for medical malpractice under Puerto Rico law against Defendants, three medical facilities,[2] two doctors,[3] and the underwriting insurer for each. (Docket No. 1.) Plaintiffs claim direct tort liability as to the facilities and doctors under 31 L.P.R.A. § 5141 ("Article 1802"); vicarious liability as to the facilities under § 5142 ("Article 1803"); and liability as to the insurers under the Puerto Rico direct-action statute, 26 L.P.R.A. § 2003. (Id.) Defendant Programa Médico del Norte,

---

[1] Family-member plaintiffs are Patient's husband, Luis Enrique Vélez-Román; their conjugal partnership; and their three minor children, Keishla Marie, Esther Marie, and Luis Enrique Vélez-Moya. (Docket No. 1.)

[2] Medical-facility defendants are Hospital Dr. Cayetano Coll y Toste, Inc.; Programa Médico del Norte, Inc.; and Hospital Metropolitano Dr. Susoni, Inc. (Docket No. 1.) Medical facility Camuy Health Services, Inc. originally appeared as a defendant in this suit but was thereafter voluntarily dismissed. (Docket No. 34.)

[3] Doctor defendants are Drs. Carlos González-Amparo and Julio Narváez-Reyes, who are sued alongside their spouses and conjugal partnerships. (Docket No. 1.)

Inc. ("PMN") subsequently filed a third-party complaint claiming indemnity or contribution against three PMN doctors, including Dr. Wanda I. Nieves-González ("Nieves").[4] (Docket No. 40.) PMN and Nieves ("Movants") move for summary judgment (Docket No. 94), Nieves by joinder (Docket No. 98), and Plaintiffs oppose (Docket No. 101).

## I.

## **Factual and Procedural History**

We derive the following factual and procedural summary from the parties' pleadings, motions, exhibits, and statements of uncontested facts. (Docket Nos. 1; 16; 19; 21; 22; 37; 40; 58; 67; 71; 94; 101; 116.) We briefly state here only those facts necessary to consider the motion at hand.

On May 11, 2007, Patient, a diabetic, underwent surgery for a gluteal abscess at Hospital Coll y Toste. Having been released, Patient began experiencing intense back pain, and she visited PMN on four separate occasions between May 30 and June 4, 2007, for treatment of same. Dr. Nieves was one of the PMN doctors who treated Patient. At PMN, no doctor diagnosed the source of her pain, though they treated her with anti-inflammatories, pain medication, and steroids. Following her PMN treatment, Patient received care at various other medical facilities; said care culminated in the discovery and removal of a spinal abscess that, while normally treatable when timely diagnosed, permanently rendered Patient a paraplegic with neurogenic bowel and bladder.

---

[4] Third-party defendants are Drs. Judianys Santiago-Delgado, David Molina-González, and Wanda I. Nieves-González, who are sued alongside their conjugal partnerships and underwriting insurers. (Docket No. 40.)

On September 10, 2008, Plaintiffs filed suit in this court. (Docket No. 1.) Movants moved for summary judgment on November 11, 2009 (Docket No. 94), and Plaintiffs responded on December 4, 2009 (Docket No. 101).

## II.

### Summary Judgment Under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

## III.

## Analysis

Movants argue that they are entitled to summary judgment because Plaintiffs have failed to establish a cause of action under Article 1802 for medical malpractice or under Article 1803 for vicarious tort liability. (Docket No. 94-3.) Specifically, Movants argue that necessary expert testimony regarding duty, breach, and causation is missing in this case, due to the inadmissibility of Plaintiffs' expert testimony under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). (Id.) Movants contend that Plaintiffs' expert, Dr. Robert T. Keller, fails to meet the Daubert threshold for admissibility because, inter alia, he has no personal knowledge of the facts; his report is based on an incomplete review of the record; and he relies exclusively on his professional experience, as opposed to medical guidelines or literature, to support his conclusions. (Id. at 11-15.)

We need not dwell long on Movants' challenge. While a district court may disregard an expert's evidence on Daubert grounds at the summary-judgment stage, the First Circuit cautions that a "trial setting normally will provide the best operating environment for the triage which Daubert demands." Cortés-Irizarry v. Corporación Insular de Seguros, 111 F.3d 184, 188 (1st Cir. 1997). As to Movants' specific contentions, Daubert itself precludes their argument: "[A]n expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge . . . . [Such latitude] is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline." 509 U.S. at 592; see also Newell P.R., Ltd. v. Rubbermaid Inc., 20 F.3d 15, 21 (1st Cir. 1994) ("When the factual underpinning of an expert opinion is weak, it is a matter affecting the weight and credibility of the testimony – a question to be resolved by the jury."). Given our "broad discretion" to admit expert testimony, particularly at the summary-judgment stage, see

Cortés-Irizarry, 111 F.3d at 188 & n.4, we decline to disregard Dr. Keller's testimony when considering this motion.

Regarding whether Plaintiffs have adduced the expert testimony as to duty, breach, and causation that is normally required in Puerto Rico medical malpractice cases, see, e.g., Rolon-Alvarado v. Municipality of San Juan, 1 F.3d 74 (1st Cir. 1993), we conclude that they have. Dr. Keller testified at length as to, he perceived, the inadequate care Patient received from Dr. Nieves and other PMN personnel and its potential for harm. (See, e.g., Docket Nos. 94-12 at 97-132; 94-13 at 2-4.) Given Movants' contention to the contrary (Docket No. 94-3 at 15), Dr. Keller's testimony sustains genuine issues of material fact.

## IV.

## Conclusion

For the reasons stated herein, we hereby **DENY** Movants' motion for summary judgment (Docket No. 94).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of January, 2010.

                                             s/José Antonio Fusté
                                             JOSE ANTONIO FUSTE
                                             Chief U.S. District Judge